UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **VIRGINIA CAREY** | **CASE NO. 2:22-CV-02530** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **P & S INSURANCE RISK RETENTION GROUP ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is Defendants', James R. Gowen, P & S Insurance Risk Retention Group, DMT Trucking, LLC, and Blair Logistics, LLC's, Partial Motion to Dismiss Plaintiff's Claim for Survival Damages (Doc. 12), wherein Defendants move the Court to dismiss with prejudice Plaintiff's, Virginia Carey's, claim, brought on behalf of her minor child, for survival damages because no relief can be granted to her under Louisiana Civil Code article 2315.1. The motion is unopposed.

### I. BACKGROUND

This diversity action arises out of an alleged motor vehicle accident that killed Leon Henry Wallace, Jr. on October 27, 2021, while traveling on U.S. Highway 165 South in Allen Parish, Louisiana. Doc. 12. The Petition alleges that Mr. Wallace was killed in the collision. Doc. 1. On July 7, 2022, Ms. Carey, on behalf of her minor child, filed suit in the 33rd Judicial District Court for the Parish of Allen, Louisiana. *Id.* On August 9, 2022, the case was removed to this Court. *Id.* In the Petition, Plaintiff asserts claims to recover damages for the wrongful death and survival action of Leon Henry Wallace, Jr. caused by

the alleged negligence of the Defendants. *Id.* Defendants now move the Court to dismiss Plaintiff's survival action claim pursuant to Rule 12(b)(6). Doc. 12.

## II. <u>LEGAL STANDARD</u>

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## III. <u>LAW & ANALYSIS</u>

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state and, in most cases,

federal procedural law. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991) (citing *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). Under Louisiana Civil Code article 2315.1, "[t]he survival action permits recovery only for damages actually suffered by the deceased from the time of injury to the moment of death, including pain and suffering, loss of earnings, and any other damages sustained before death." *Thompson v. Crawford*, 223 So. 3d 1163, 1171 (La. Ct. App. 1st Cir. 2017), *writ granted in part*, *judgment rev'd in part*, 229 So. 3d 451 (2017). Specifically, "[s]urvival damages may be awarded for the pre-death mental and physical pain and suffering of the deceased." *Thompson v. Crawford*, 229 So. 3d 451, 452 (La. 2017) (citing *Temple v. Liberty Mut. Ins. Co.*, 330 So.2d 891 (La. 1976)). However, "[w]here there is no indication that a decedent consciously suffered, an award for pre-death pain and suffering should be denied." *Thompson*, 223 So. 3d at 1171 (citing *Sacco v. Allred*, 845 So.2d 528, 538 (La. Cit. App. 1st Cir. 2003)). Nonetheless, "[a] jury may award damages for pain and suffering in a survival action where there is the smallest amount of evidence of pain, however brief, on the part of the deceased, based on his actions or otherwise." *E.g.*, *Thompson*, 229 So. 3d at 452.

In *Thompson*, a survival action was brought after a decedent was electrocuted and killed from contacting an electrical wire carrying roughly 8,000 volts of electricity. 229 So. 3d 451. Moreover, the decedent "slumped down dead as a result of his contact with the wire." *Id.* Nevertheless, "the plaintiff produced evidence which was sufficient to establish, by more than a scintilla, that the decedent *suffered for some period of time*, albeit brief, until his hand was burned off and he slumped to the ground." *Id.* at 452 (emphasis added).

By contrast to *Thompson*, where facts of a period of time between the injury and the death existed with concomitant suffering, no such facts exist within the four corners of the Plaintiff's Petition. *Cf. id.* Therefore, the Court agrees with the Defendants; the Plaintiff advances no facts with particularity on the face of the Petition so that the Court may draw a reasonable inference that Mr. Wallace consciously suffered any pre-death pain and suffering. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)); *cf. Thompson*, 229 So. 3d at 452. Ultimately, "[t]hreadbare recitals" that Mr. Wallace's death was accompanied by pre-impact fear, fear of impending death, or past pain and suffering "do not suffice," and consequently, Plaintiff's survival action claim is dismissed with prejudice. *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 555); Fed. R. Civ. Proc.

## IV. CONCLUSION

For the reasons stated above, the Motion to Dismiss (Doc. 12) will be **GRANTED**.

**THUS DONE AND SIGNED** in Chambers on the 28th day of October, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**