## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | |
|---|---|
| **VIRGINIA CAREY** | **CASE NO.  2:22-CV-02530** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **P & S INSURANCE RISK RETENTION GROUP ET AL** | **MAGISTRATE JUDGE KAY** |

## <u>MEMORANDUM RULING</u>

Before the Court is a Motion for Final Judgment Pursuant to Rule 54(b) (Doc. 20) filed by Defendants James R. Gowen, P & S Insurance Risk Retention Group, DMT Trucking, LLC, and Blair Logistics, LLC ("Defendants"). The motion is unopposed.

## I.  <u>BACKGROUND</u>

This diversity action arises out of an alleged motor vehicle accident that killed Leon Henry Wallace, Jr. on October 27, 2021, while traveling on U.S. Highway 165 South in Allen Parish, Louisiana. Doc. 12. The Petition alleges that Mr. Wallace was killed in the collision. Doc. 1. On July 7, 2022, Ms. Carey, on behalf of her minor child, filed suit in the 33rd Judicial District Court for the Parish of Allen, Louisiana. *Id.* On August 9, 2022, the case was removed to this Court. *Id.* In the Petition, Plaintiff asserts claims to recover damages for the wrongful death and survival action of Leon Henry Wallace, Jr. caused by the alleged negligence of the Defendants. *Id.* On October 28, 2022, the Court to dismissed Plaintiff's survival action claim. Doc. 19.

## II. <u>LEGAL STANDARD</u>

When multiple claims or multiple parties are involved in an action, "the Court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). Absent an express determination by the trial judge, the ruling determining the merits of fewer than all of the claims or dismissing fewer than all of the parties is not a final judgment and is thus not appealable. *Id.*; *see, e.g.*, *Cunningham v. Hamilton Cty., Ohio*, 527 U.S. 198, 203 (1999) (". . . we have repeatedly interpreted § 1291 to mean that an appeal ordinarily will not lie until after final judgment has been entered in a case."). The Fifth Circuit has observed this "reflects a balancing of two policies: (1) avoiding the danger of hardship or injustice through delay which would be alleviated by immediate appeal and (2) avoiding piecemeal appeals." *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000) (cleaned up) (quoting *PYCA Indus. v. Harrison County Waste Water Management Dist.*, 81 F.3d 1412, 1421 (5th Cir.1996)).  However, "[a] district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." *PYCA Indus., Inc.*, 81 F.3d at 1421. In making the determination, "the district court must consider judicial administrative interests as well as the equities involved." *Brown v. Mississippi Valley State Univ.*, 311 F.3d 328, 332 (5th Cir. 2002) (quoting *Curtiss–Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 8 (1980)) (internal quotations omitted).

Furthermore, a district court should consider "factors such as whether the claims under review are separable from others remaining to be adjudicated and whether the nature of the claims to be determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *H & W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 175 (5th Cir. 1988) (quoting *Curtiss–Wright*, 446 U.S. at 8) (cleaned up).

### III. <u>ANALYSIS</u>

Here, the Defendants argue that this Court's October 28, 2022 Judgment disposed of Plaintiff's claim for survival damages against the Defendants, which is factually separable from the remaining wrongful death claim and, therefore, presents no risk having to decide the same issues on appeal more than once. Doc. 20-1, p. 3. Additionally, Defendants contend that if the Court were not to render the October 28, 2022 Judgment final and appealable, the parties may be forced to expend more resources on needless discovery. *Id.*, at 5. For example, "Defendants . . . will be obligated to hire costly medical experts (that are otherwise unnecessary to adjudicate the remaining claims) to establish that the decedent died instantly in the subject accident, notwithstanding that Plaintiff has no evidence to suggest Decedent suffered any pre-death pain or suffering." *Id.* The Court agrees.

The Court determines that there is no just reason for delay and will direct entry of final judgment under rule 54(b) of the Federal Rules of Civil Procedure.

## IV. <u>CONCLUSION</u>

For the aforesaid reasons, **IT IS HEREBY ORDERED** that the Motion for Final Judgment Pursuant to Rule 54(b) (Doc. 20) will be **GRANTED**.

**THUS DONE AND SIGNED** in Chambers on the 12th day of December, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**