UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **VIRGINIA CAREY**<br>**On behalf of her minor child** | **CIVIL ACTION 2:22-CV-02530** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **P&S INSURANCE RISK RETENTION GROUP, ET AL.** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment (Doc. 43) filed by Defendants P&S Risk Retention Group ("P&S"), Blair Logistics, LLC ("Blair Logistics"), DMT Trucking, LLC ("DMT"), and James R. Gowen ("Gowen"). The motion is unopposed by the Plaintiff, Virginia Carey ("Carey").

## BACKGROUND INFORMATION

This diversity case arises out of a motor vehicle accident that killed Leon Henry Wallace, Jr. ("Wallace" or "decedent") on October 27, 2021. The Plaintiff, on behalf of her minor child, filed suit in the 33rd Judicial District Court, Allen Parish, Louisiana. She asserts claims for (1) wrongful death, (2) loss of love and affection, (3) loss of support, (4) loss of consortium, and (5) survival action damages based on Wallace's pre-impact fear and pain and suffering, all of which were allegedly caused by the negligence of the Defendants. Doc. 1 at 11, ¶ 24. Thereafter, the Defendants removed the matter to this Court. This Court previously dismissed Plaintiff's claim for survival action damages. Doc. 19.

On the evening of October 27, 2021, the decedent was traveling on U.S. Highway 165 South in a 2012 GMC Sierra pickup truck. Doc. 1 at 8, ¶ 10; Doc. 43-1 at ¶ 2. Information downloaded from the GMC Sierra's Crash Data Retrieval System indicates that the decedent was driving between 90-95 miles per hour. Doc. 43-7 at ¶ 15(f). U.S. Highway 165 has a posted speed-limit of 65 miles per hour. *Id.* At the same time, Gowen was operating a tractor and flatbed trailer on U.S. Highway 165 South at a speed of 30 to 35 miles per hour within his lane. Doc. 43-1 at 3; Doc. 43-6; Doc. 43-7 at ¶ 16(k). Gowen's tractor-trailer was equipped with a dash cam video system, which recorded both the road in front of the tractor-trailer and inside of the cab. Doc. 43-5; Doc. 43-6. The video system is designed to capture a 12 second video clip when it is triggered, which includes the 8 seconds before the event and four seconds after the event. Doc. 43-5 at ¶ 3.

At approximately 7:07 pm, the decedent's vehicle crashed into the rear of Gowen's tractor-trailer. Doc. 43-4; Doc. 43-5 at ¶ 6; Doc. 43-7 at ¶ 15(i). According to the GMC Sierra's Crash Data Retrieval System, the decedent did not apply his brakes until 1.5 seconds before the crash and he was still traveling at more than 65 miles per hour when the crash occurred. Doc. 43-7 at ¶¶ 16(g), 16(j). At the time of the accident, Gowen's trailer had fully functional and illuminated taillights as well as reflective strips across the back. Doc. 43-1 at ¶ 4; Doc. 43-4. The dash cam video shows that Gowen was traveling within his lane for at least eight seconds when the crash occurred. Doc. 43-5 at ¶ 3; Doc. 43-6.

The decedent's blood was drawn at the scene of the accident by Allen Parish Assistant Coroner Kurt Doyle and was submitted to the Louisiana State Police Crime Laboratory for testing. Doc. 43-9 at ¶ 6. The decedent's blood alcohol content was

determined to be 1.08 grams percent approximately two and one-half hours after the accident. Doc. 43-1 at ¶ 7; Doc. 43-8; 43-9 at ¶ 7.[1]  Dr. William J. George, a pharmacologist and toxicologist, stated in his affidavit that this alcohol level was significantly high and consistent with the ingestion of a large amount of alcohol.  Doc. 43-9 at ¶ 7.  Dr. George also opined that this level of alcohol consumption would have impaired the decedent's motor coordination, reaction time, and critical judgment.  *Id.* at ¶ 16.

Defendants P&S, Blair Logistics, DMT, and Gowen move for summary judgment dismissal of all remaining claims made against them, arguing that there is no genuine dispute of material fact that the accident and damages were caused solely by the decedent's own negligence.  Doc. 43-3 at 1, 13.

### SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003).  The non-moving party is then required to go beyond the pleadings and show that there is a genuine

---

[1] The Court notes that Dr. William J. George states in his expert report that decedent's blood alcohol level was 1.06%. Doc. 43-9 at ¶ 7.  The lab report states that the decedent's blood alcohol level was higher, at 1.08%. Doc. 43-8.  The Court is not concerned with this slight discrepancy because Dr. George's findings were based on a lower level of intoxication than what is indicated in the lab report.

issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

"A motion for summary judgment cannot be granted simply because there is no opposition." *Hibernia Nat. Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). However, when the nonmoving party does not set forth any material facts as to which there exists a genuine issue to be tried, the uncontested material facts presented by the moving party may be considered as undisputed for the purposes of the motion. Fed. R. Civ. P. 56(e)(2).

## LAW AND ANALYSIS

Defendants argue that they are immune from liability under the provisions of Louisiana Revised Statute § 9:2798.4, and the Plaintiff is precluded from recovering

damages under Louisiana law because the decedent was intoxicated at the time of the accident. Doc. 43-3 at 9-12.  The statute states in relevant part:

> A. Neither the state, a state agency, or a political subdivision of the state nor any person shall be liable for damages, including those available under Civil Code Article 2315.1 or 2315.2, for injury, death, or loss of the operator of a motor vehicle, aircraft, watercraft, or vessel who:
>
>   (1) Was operating a motor vehicle, aircraft, watercraft, or vessel while his blood alcohol concentration of 0.08 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood; or
>
>   (2) Was operating a motor vehicle, aircraft, watercraft, or vessel while he was under the influence of any controlled dangerous substance described in R.S. 14:98(A)(1)(c) or R.S. 40:964.
>
> B. The provisions of this Section shall not apply unless:
>
>   (1) The operator is found to be in excess of twenty-five percent negligent as a result of a blood alcohol concentration in excess of the limits provided in R.S. 14:98(A)(1)(b), or the operator is found to be in excess of twenty-five percent negligent as a result of being under the influence of a controlled dangerous substance described in R.S. 14:98(A)(1)(c); and
>
>   (2) This negligence was a contributing factor causing the damage.
>
> C. For purposes of this Section, "damages" include all general damages, including those otherwise recoverable in a survival or wrongful death action, which may be recoverable for personal injury, death or loss, or damage to property by the operator of a motor vehicle, aircraft, watercraft, or vessel or the category of persons who would have a cause of action for the operator's wrongful death.

La. R.S. § 9:2798.4.  Louisiana Revised Statute § 14:98(A)(1)(b) provides that it is a crime to operate a vehicle, aircraft, watercraft, vessel, or other means of conveyance with a blood alcohol concentration of 0.08 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood.  La. R.S. § 14:98 (A)(1)(b).

The Court may grant summary judgment under this statute "when the evidence presented by the movant is sufficient to establish that a reasonable factfinder would be compelled to find that a plaintiff was (1) under the influence of alcohol or drugs while operating a vehicle; (2) more than 25% negligent due to his intoxication; and (3) his negligence was a contributing factor in causing the damage." *Chamblee v. Yamaha Motor Co., Ltd.*, No. 08-1351, 2012 WL 844725, at *5 (W.D. La. Mar. 12, 2012) (citing *Lyncher v. Design Eng'g, Inc.*, 51 So.3d 137, 141-142 (La. App. 4th Cir. 2010); *Doyle v. Union Pacific R.R. Co.*, 442 F. App'x 964 (5th Cir. 2011)).

Defendants have presented the Court with sufficient uncontested facts to support their claims of immunity under the statute. Defendants have established that Gowen was driving his tractor-trailer within his lane of traffic with fully operational and illuminated taillights as well as reflective strips when the accident occurred. Further, it is uncontested that seconds before the accident the decedent was driving at the rate of of 90-95 miles per hour on Highway 165, which has a posted speed limit of 65 miles per hour. Finally, it is uncontested that a toxicology report from blood taken at the scene demonstrates that the decedent had a blood alcohol level of 1.08 grams percent at the time of the accident, which was sufficient to impair his motor skills, coordination, and critical judgment.

Based on this evidence, the Court finds that no reasonable fact-finder could render a verdict in favor of the Plaintiff on the issue of the decedent's contributory negligence under the statute. The uncontested evidence presented above is sufficient to establish that the decedent's own negligence was greater than 25% based on his intoxication and operation of his vehicle at an excessively high rate of speed, and his negligence was a

contributing factor to the accident. As such, the Court finds that the Defendants are immune from liability under Louisiana Revised Statute § 9:2798.4 as to Plaintiff's remaining claims for wrongful death, loss of love and affection, loss of support, and loss of consortium.

## CONCLUSION

For the reasons assigned herein, the Motion for Summary Judgment (Doc. 43) filed by the Defendants will be granted. Plaintiff's remaining claims against Gowen, DMT, P&S, and Blair Logistics will be dismissed with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 12th day of August, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**